**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

v.

**The COMMONWEALTH OF PENNSYL-VANIA, Linda Barker, a minor, by Cecil Barker, her parent and natural guardian et al., Appellants.**

No. 18565.

United States Court of Appeals, Third Circuit.

Argued Oct. 6, 1970.

Decided Feb. 9, 1971.

P. J. McArdle, Pittsburgh, Pa., for appellants.

George M. Weis, Weis & Weis, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge, and STALEY and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Fidelity and Deposit Company of Maryland ("Fidelity") initiated this action by filing a complaint in interpleader under 28 U.S.C. § 1335, naming as defendants the Commonwealth of Pennsylvania and certain individuals. The individuals were students and their parents who had paid tuition at two private schools operated by Pittsburgh Careers, Inc. The complaint alleged that Fidelity

was surety for Pittsburgh Careers, Inc., on two bonds, which had been issued pursuant to Pennsylvania law for the protection of contractual rights of the students enrolled at the schools.[1] The Commonwealth was the named obligee on each bond.

The complaint further alleged that Fidelity had become obligated on the bonds when Pittsburgh Careers, Inc., had ceased operation at the two schools and had failed to refund tuition payments to its students in violation of their contracts. Each bond was in the amount of $10,000. Fidelity, however, averred that the total amount of the claims asserted against it pursuant to these bonds would greatly exceed $20,000. Fidelity paid the sum of $20,000 into the registry of the district court and requested that the defendants and all other claimants be required to interplead and settle among themselves their rights to the money due under the bonds and that Fidelity then be discharged from further liability.

The defendants-appellants denied that Fidelity's total liability was limited to $20,000. Their answer averred that $20,000 was the limit of liability as to each individual student's claim. Counterclaims were filed on behalf of each defendant for the amount of money each had lost. Fidelity petitioned the district court for summary judgment since there was no genuine issue as to any material fact. The district court construed both bond agreements in favor of Fidelity and entered judgment in the amount of $20,000.[2]

Appellants argue that the district court erred in its construction of the bonds. They reassert their contention that the bonds created a separate liability running to each student.

We have given careful consideration to appellants' argument. We conclude, however, that Fidelity's obligation on these bonds ran to the Commonwealth of Pennsylvania, the named obligee, and is limited to the face amount of each bond.[3]

The judgment of the district court will, therefore, be affirmed.

---

1. One bond was issued as a condition of the grant of a license for operation of a private trade school, pursuant to 24 Purdon's Pa.Stat.Ann. § 1725.5. The other bond was issued as a condition of the grant of a license for operation of a private business school pursuant to 24 Purdon's Pa.Stat.Ann. § 2755. The two schools had been operated under the name of Juliet Gibson Career and Finishing School.

2. The district court ordered the Commonwealth to submit a plan of distribution for the bond money to the court and, following its approval, distribute the money in accordance with the plan.

3. As we have noted, these bonds were issued pursuant to Pennsylvania law. To require the issuance of bonds in an amount that is obviously insufficient protection for students in the event of the demise of a school would seem to be contradictory to the purpose of the laws which regulate such schools. The amount of the bond is not the responsibility of the surety company, however.